IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO QUINONES | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. |
| v. | : | |
| | : | **ERISA- NO JURY TRIAL REQUESTED** |
| THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | : | |
| | : | |
| And | : | |
| | : | |
| AETNA LIFE INSURANCE COMPANY | : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, ROBERTO QUINONES, by and through his attorney, THE LAW FIRM OF MARTIN LAW LLC, as and for his Complaint against Defendants THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and AETNA LIFE INSURANCE COMPANY hereby sets forth the following:

## PARTIES

1. Plaintiff, ROBERTO QUINONES, is a resident of Philadelphia, Pennsylvania.

2. Defendant, THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("The Hartford"), has its main administrative offices at One Hartford Plaza, Hartford, CT 06155.

3. Defendant, AETNA LIFE INSURNACE COMPANY ("Aetna"), has its main administrative offices at 151 Farmington Avenue, Hartford, CT 06156.

4. Upon information and belief, Aetna's United States group disability insurance business became a wholly owned subsidiary of The Hartford.

## JURISDICTION

5. Jurisdiction of the Court is based upon 29 U.S.C. § 1132(e)(1) and 1132(f), which gives the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et.seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

6. Venue is proper under ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because such action may be brought where (1) the plan is administered, (2) where the breach took place, or (3) where the Defendant resides or may be found.

7. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction. Additionally, Plaintiff lives in the in the Eastern District of Pennsylvania.

8. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## Standard of Review

9. The standard of review should be *de novo* as the Policy provided does not contain a discretionary clause.

## FACTS

10. Plaintiff is a sixty-five-year-old (65) individual born on December 25, 1956.

11. At all times hereinafter mentioned, Plaintiff was an employee of The Boeing Company as an Aircraft Technician, and at all times was a participant and/or beneficiary under a long-term disability ("LTD") income policy, hereinafter ("Policy").

12. At all times mentioned herein, Plaintiff was and is an employee eligible for LTD benefits as an insured under the Policy administered by Boeing.

13. The Policy defines disability as follows:

*From the date that you first become disabled and until monthly benefits are payable for 24 months you will be deemed to meet the test of disability on any day that:*
- *You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and*
- *Your work earnings are 80% or less of your adjusted predisability earnings.*

*After the first 24 months of your disability that Monthly Benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury, or disabling pregnancy-related condition.*

14. The Policy defines own occupation as follows:

*The work that you are routinely performing when your period of disability begins. Your occupation will be viewed as it is normally performed in the national economy instead of how it is performed:*

- *For your specific employer; or*
- *At your location or work site; and*
- *Without regard to your specific reporting relationship.*

15. Plaintiff was hired on February 22, 2008.

16. Plaintiff's last day of work was May 9, 2018.

17. Plaintiff suffered numerous physical injuries rendering him unable to perform work.

18. Plaintiff's occupation requires standing, reaching, walking, climbing/balancing, and rotation of the head and neck, among other postural movements.

19. Plaintiff was denied all LTD benefits as Defendant claimed that he could perform his occupation.

20. Upon information and belief, Plaintiff's employer would not allow him to work in his occupation based on his restrictions, yet Defendant still denied the claim.

21. Upon information and belief, Boeing's requirements for its aircraft technicians do not substantially differ from other employer's requirements. Plaintiff performed his job as generally performed, his employer would not allow him to work because of his restrictions, and Defendant denied the claim for benefits anyway.

22. Plaintiff appealed the denial of benefits and a final denial was eventually issued on March 26, 2019.

23. Plaintiff underwent a total left knee arthroplasty on January 17, 2018, after suffering from post-traumatic gross left knee arthritis.

24. Plaintiff was in a motor vehicle accident in May of 2018.

25. An MRI of his cervical spine performed on July 23, 2018, confirmed a disc herniation, disc degeneration at multiple levels, protrusions at multiple levels, disc desiccation, and disc bulging.

26. An EMG the following month, performed on August 8, 2018, confirmed evidence compatible with bilateral C4 radiculopathy and carpel tunnel syndrome bilaterally.

27. Dr. Brian O'Neill confirmed that Plaintiff was "having sharp stabbing type pains" around the neck and shoulder blade. He notes that there is a restriction in his cervical range of

motion and tenderness as well and that Plaintiff "is not able to tolerate his necessary [activities]."

28. On January 7, 2019, a neurotomy was performed due to his cervical facet arthropathy.

29. A bone scan performed on January 17, 2019, confirmed osteoarthritis and degenerative joint disease again in the left knee.

30. Plaintiff was approved ongoing Social Security Disability benefits beginning October 2019. Plaintiff was found disabled as of May 10, 2018, the same date he claims that his disability began for this LTD claim.

31. Despite Plaintiff's continued disability, Defendant has denied all long-term disability benefits to Plaintiff and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

32. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

33. Defendant afforded little weight to the opinions of Plaintiff's treating physicians.

34. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and as such constitutes a breach of fiduciary duty.

35. Defendant's unreasonable and unsupported denial of Plaintiff's LTD benefits is evidence, inter alia, by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical limitations on his ability to perform the duties of his regular or any occupation; the refusal to consider Plaintiff's credible subjective complaints about his inability to work; the failure to consider the side effects of Plaintiff's medication; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize

appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling practices including that The Hartford did not include a copy of the Policy in the claim file.

## COUNT I – FIRST CAUSE OF ACTION

**[FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]**

36. Paragraphs 1 through 35 are incorporated herein by reference as if fully set forth at length.

37. An actual controversy exists between Plaintiff and Defendant arising out of the events alleged herein above. Plaintiff contends that Defendant has no legal basis for denying LTD benefits, which have been wrongfully withheld.

38. Plaintiff contends that the denial of LTD benefits is a breach of the Group Long Term Disability Plan; the practices of the Defendant should be estopped on the basis of equity; that the practices of Defendant are arbitrary and capricious; that the practices of Defendant fail to satisfy the minimum requirements of ERISA; and the practices of Defendant are barred as a matter of law.

39. Plaintiff contends that Defendant denied him a "full and fair review" of all of his records submitted by failing to consider information directly related to his LTD claim, minimized and/or failed to review or consider the findings of his treatment providers, while simultaneously attaching greater weight to the findings of the Defendant's medical consultants.

40. Plaintiff contends that the decision to deny LTD benefits and deny his appeal for benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the policy and the law and an abuse of discretion.

## COUNT II – SECOND CAUSE OF ACTION
### [FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]

41. Paragraphs 1 through 40 are incorporated herein by reference as if fully set forth at length.

42. Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Plaintiff's medical records and information, and the insufficient and inaccurate reports of their own reviewers.

43. Plaintiff contends that in denying LTD benefits, Defendant disregarded substantial evidence, including medical records and other medical reports.

44. Under the terms of the Group LTD Plan, Defendant unreasonably breached its promise to provide Plaintiff with certain LTD benefits. To date, Defendant has failed to honor this promise and continues to refuse to pay Plaintiff all benefits to which he is rightfully entitled.

45. Plaintiff has satisfied and continues satisfy all conditions precedent under the Group LTD Plans and is thus eligible to receive LTD benefits.

46. Plaintiff has not waived or otherwise relinquished his entitlement to benefits under the Group LTD Plan.

47. Plaintiff seeks reimbursement and compensation for any and all benefits he should have received.

48. Defendant breached its obligations under ERISA to provide Plaintiff benefits even though his benefits are covered under the terms of the Group LTD Plan.

49. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay benefits to Plaintiff, he has been damaged in an amount equal to the amount of benefits to which he is entitled under the terms of the Group LTD Plan.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. On Count I:

1. A declaration that Plaintiff is disabled and entitled to the payment of benefits under the Group LTD Plan;

2. A declaration that Defendant is hereinafter estopped from wrongfully denying Plaintiff benefits under the Group LTD Plan without a legal basis to do so;

3. A declaration that Defendant is hereinafter estopped from denying Plaintiff benefits as a denial of such benefits is a breach of the Group LTD Plan.

4. A declaration that Defendant is hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Plaintiff;

5. A declaration that Defendant is hereinafter estopped from wrongfully denying benefits to Plaintiff contrary to clear, compelling and substantial medical and functional evidence.

6. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

7. Plaintiff requests such other and further relief as the Court deems appropriate.

B. On Count II:

1. Plaintiff seeks a declaration of Plaintiff's right to benefits (past, present and future) under the terms of the Group LTD Plan;

2. Payment of all past benefits due Plaintiff under the terms of the Plan, with an award of pre-judgment interest;

3. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

4. Plaintiff requests such other and further relief as the Court deems appropriate.




By: *Zachary Lipschutz*
Zachary Lipschutz, Esq.
MARTIN LAW LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400
zlipschutz@paworkinjury.com
Attorney for Plaintiff

March 22, 2022